940 F.2d 663
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delbert ARMSTRONG, Defendant-Appellant.
 No. 90-2060.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 Before MERRITT, Chief Judge, BOGGS, Circuit Judge, and HULL, District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 The defendant, Armstrong, complains of his lawyer's failure to make a Rule 32 challenge to facts in a pre-sentence report. The failure to object did not affect the sentence for the crime at issue in relation to the pre-sentence report. However, this pre-sentence report was used by the Parole Board in revoking Armstrong's parole on a prior sentence. Armstrong, acting pro se, brought a belated motion to correct the pre-sentence report. Within the motion to correct, Armstrong raised an ineffective assistance of counsel claim. The District Court denied the motion to correct the pre-sentence report but did not address the ineffective assistance of counsel claim. Armstrong casts this appeal as an ineffective assistance of counsel claim.
 
 
 2
 Because the ineffective assistance of counsel claim was raised sufficiently to preserve it but was not adjudicated, we remand to the District Court for adjudication of that claim. We express no opinion as to the merits of the claim nor do we reach the question whether a defendant may complain of ineffective assistance of counsel in the sentencing phase of the trial, on grounds that the alleged ineffectiveness prejudiced the defendant in collateral proceedings.
 
 
 3
 The case is remanded to the District Court for proceedings consistent with this opinion.[1]
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge for the United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The defendant was no longer acting pro se on appeal but was represented by appointed counsel. Counsel indicated a willingness to continue the representation if the court directed a remand